Submitted on record and briefs June 15, affirmed
July 30, 1970

WINCHESTER, *Respondent, v.*
HAAKE, *Appellant.*

472 P2d 840

Bernard P. Kelly, and Kelly & Grant, Medford, for appellant.

Charles H. Seagraves, Jr., and Myrick, Seagraves & Nealy, Grants Pass, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

PER CURIAM.

The claimant-workman was injured in an accident while working on the construction of a house for defendant-owner. The sole issue before this court is whether claimant was an employe as he alleged, or an independent contractor as the defendant claimed.

The hearing officer found that pursuant to oral agreement claimant worked for defendant-owner in the construction of the house for $5.50 per hour. Claimant was an experienced builder and acted as "lead man" in the construction, but defendant-owner arranged for and paid employes to assist claimant, reserved the right to and did make structural changes, and selected and ordered materials to be used. The hearing officer also found that claimant was under the direct authority and control of the defendant-owner.

The hearing officer, the Workmen's Compensation Board and the circuit court all found claimant was an employe rather than an independent contractor.

We review the record *de novo*. *Hannan v. Good Samaritan Hosp.*, 4 Or App 178, 471 P2d 831, 91 Adv Sh 903, 476 P2d 931 (1970) Sup Ct *review denied* (1971). We agree with the findings of the hearing officer that claimant was an employe rather than an independent contractor. See *Butts v. State Ind. Acc. Comm.*, 193 Or 417, 239 P2d 238 (1951), and *Bowser v. State Indus. Accident Comm.*, 182 Or 42, 185 P2d 891 (1947).

Affirmed.